Melinda Scott
2014PMB87
Po Box 1133
Richmond, Virginia 23218
July 19, 2016

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

JUL 25 2016

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

United State District Court
Office of the Clerk
180 W Main Street, Room 104
Abingdon, Virginia 24210

    Re: Order and Report and Recommendation

To whom it may concern:

    I am receipt of your letter dated July 5, 2016. I just received it in my mailbox today. I started traveling on July 7, 2016 to South Carolina to house sit for a relative for a few weeks. I applied for address forwarding with the Post Office on July 7, 2016. I have enclosed documentation of this. I have not received any of my mail to the forwarding address yet. I called the United States District Court on July 14, 2016 to request a copy of the letter. The following below is my <u>objection</u> to my case being dismissed.

    The Notice to Parties section of the "Order and Report and Recommendation" stated that my case was recommended to be dismissed pursuant to 28 U.S.C. 1915(e)(2). 28 U.S.C. 1915(e)(2) states that a Court may dismiss a Complaint when the Plaintiff *"fails to state a claim on which relief may be granted"*. However, in my initial pleading I specifically requested the following relief for wrong doing toward me: that the Defendant be banned from contacting me and for damages in the amount of five thousand dollars ($5,000) due to Cyber Stalking in violation of 18 USC §2261A.

    Further, the recommendation states that my Complaint is recommended to be dismissed because I am pursuing a "criminal charge against the defendant". I object to this being grounds for dismissal for the following reasons:

1. The Plaintiff has already sought the help of the Commonwealth's Attorney and local law enforcement who have done nothing to help the Plaintiff in order to pursue the case as a Criminal offense and;
2. Where law enforcement chooses not to assist a US Citizen in prosecuting criminal charges, a Citizen of the United States retains the right to bring a Civil Action against another Citizen under the US Federal Rules of Procedure and;
3. The US Western District Court of Virginia does <u>not</u> provide Pro-Se litigants with a Criminal Charges cover sheet and;
4. The US Western District Court of Virginia only makes available to Pro-Se litigants a Civil Cover Sheet and;

5. Independently of the Civil Cover Sheet required by pro-se Litigants to proceed in their cases, the Complaint I filed can be processed as a general Complaint against the Defendant under Tort Law;
6. The Law allows wrong doings committed against a citizen of the United States by another US Citizen to processed as a Civil wrong according to the US Federal Court Rules of Civil Procedure and;
7. The US Federal Rules of Civil Procedure state that the purpose of the procedure is to "*to secure the just, speedy, and inexpensive determination of every action and proceeding*".; in continuation to that goal, pro-se litigants who are indigent should not be required to bear the burden of expensive litigant costs in hiring attorneys in order to protect themselves against Personal Injury and;
8. The language of 18 USC §2261A does not prevent Plaintiffs from pursuing Civil damages from Defendants and;
9. In Stinson v. Slaughter, a US Federal District court in Portland, Maine heard the Plaintiff's case against a Cyber Stalker as a Civil Suit for damages and;
10. According to the Federal Violence Against Women Act, this Honorable Court has a duty to act in hearing the case.

Respectfully,

Melinda Scott