IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| MELINDA SCOTT, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:16CV00027 |
| | ) |
| v. | ) **OPINION** |
| | ) |
| ANDREW CARLSON, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Melinda Scott, Pro Se Plaintiff.*

The plaintiff, proceeding pro se, has filed a Complaint alleging that the defendant engaged in unlawful cyber stalking, causing her substantial emotional distress. The magistrate judge issued a report recommending that the plaintiff's Complaint be dismissed for failing to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The plaintiff has objected to this recommendation. For the reasons stated in this Opinion, I will overrule the plaintiff's objection and dismiss the Complaint.

In her Complaint, Melinda Scott, citing the federal interstate stalking statute, 18 U.S.C. § 2261A, alleges that the defendant, Andrew Carlson, "has used electronic means and the internet to harass, intimidate, place under surveillance, and stalk the Plaintiff while causing substantial emotional distress." (Compl. 3, ECF No. 2.) Scott requests that the defendant "be banned from any electronic or

Internet communication toward the Plaintiff, damages in the amount of $5,000 and any other such relief." (*Id.* at 5.)

In an Order and Report and Recommendation entered on July 5, 2016, the magistrate judge granted leave to proceed in forma pauperis, but recommended dismissal of Scott's action pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted because Scott was attempting to pursue a criminal action against the defendant. In response, Scott filed a letter on July 25, 2016, objecting to this recommendation of dismissal.

As an initial matter, federal civil jurisdiction is not proper in this case. Jurisdiction cannot be based on diversity of citizenship, because although the record indicates that Scott and the defendant reside in different states, the amount in controversy requirement is not satisfied here. Scott requests damages in the amount of $5,000 only. Nor can jurisdiction be based on a federal question. Section 22261A is a federal statute, but as discussed in more detail below, Scott cannot properly assert a civil claim under this statute.

The plaintiff brought this action seeking civil remedies under 18 U.S.C. § 2261A(2). This statute provides that whoever:

> with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to

> engage in a course of conduct that – places that person in reasonable fear of the death of or serious bodily injury to . . . that person . . . shall be punished as provided in section 2261(b) of this title.

18 U.S.C. § 2261A(2). The statute contains three elements. First, the defendant "must possess the intent to kill, injure, harass, or place under surveillance with intent to kill, injure, harass, or intimidate, or cause substantial emotional distress to a person in another state." *United States v. Shrader,* 675 F.3d 300, 309 (4th Cir. 2012). Next, the defendant "must pursue that intention through a 'course of conduct,' defined as 'a pattern of conduct composed of 2 or more acts, evidencing a continuity of purpose' that makes use of a facility of interstate commerce." *Id.* (quoting 18 U.S.C. §§ 2261A(2), 2266(2)). Finally, the defendant's conduct "must in fact cause substantial emotional distress to the intended victim or place that person in reasonable fear of the death of, or serious bodily injury to any of the persons described." *Id.*

Scott includes very few factual allegations in her Complaint, so it is unclear from the record whether she could set forth sufficient evidence to satisfy these elements. However, even assuming that she could, 18 U.S.C. § 2261A does not provide for a private civil right of action. *See, e.g., Fox v. Tippetts,* No. 2:09 CV 00485, 2009 WL 3790173, at *4 (W.D. La. Nov. 10, 2009); *Kruska v. Perverted Justice Found., Inc.,* No. CV 08-0054-PHX-SMM, 2009 WL 321146, at *4 (D.

-3-

Case 1:16-cv-00027-JPJ-PMS   Document 7   Filed 08/18/16   Page 3 of 5   Pageid#: 25

Ariz. Feb. 6, 2009); *Tomel v. Ross,* No. 09-00489-SOM-LEK, 2009 WL 3824742, at *5 (D. Haw. Nov. 16, 2009).

Scott objects to the recommended dismissal of her claim on the ground that she has previously sought assistance from local law enforcement, "who have done nothing to help . . . in order to pursue the case as a Criminal offense." (ECF No. 6.) However, as previously discussed, the statute under which Scott has filed suit is a federal criminal statute. Therefore, the United States Attorney's Office would be the appropriate agency from which Scott can seek such assistance.

Scott also objects to the recommended dismissal of her action by stating, "In Stinson v. Slaughter, a US Federal District court in Portland, Maine heard the Plaintiff's case against a Cyber Stalker as a Civil Suit for damages." (ECF No. 6.) However, the case Scott is apparently referencing was a civil action filed in the Superior Court in Cumberland County, Maine — a state court — in 1993. The plaintiff in that case was a victim of stalking and filed a civil lawsuit against the defendant alleging claims of intentional infliction of emotional distress and invasion of privacy. A jury found in favor of the plaintiff and awarded compensatory and punitive damages. Royal Ford, *Jury Decision Expands Options for Harassed Women,* Boston Globe (Mar. 28, 1995), http://www.spokesman.com/stories/1995/mar/28/jury-decision-expands-options-for-harrassed-women/.

Scott's reliance on this case is misguided because it was a lawsuit filed in *state* court alleging causes of action under *state* law. Here, Scott has filed her action in federal court under a federal criminal statute. Scott, as a private citizen, cannot bring a lawsuit under this federal criminal statute.[1] She might, however, be able to bring a civil lawsuit in state court, alleging a state cause of action. In the alternative, as discussed above, Scott may choose to seek the help of the United States Attorney's Office.

Accordingly, Scott's Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

A separate order will be entered herewith.

DATED: August 18, 2016

/s/ James P. Jones
United States District Judge

---

[1] Scott additionally objects to the recommended dismissal because "The US Western District Court of Virginia does not provide Pro-Se litigants with a Criminal Charges cover sheet," and "only makes available to Pro-Se litigants a Civil Cover Sheet." (ECF No. 6.) While this is certainly a true statement, the reason for this is because a private citizen cannot initiate a criminal action in federal court. Therefore, this reason fails to support Scott's objection.